**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**BATESVILLE DIVISION**

**JAMES R. WOLFE**                                                                                    **PLAINTIFF**

**V.**                              **CASE NO. 1:19-CV-00035-JTK**

**ANDREW SAUL,**
**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION[1]**                                      **DEFENDANT**

## ORDER

### I.   Introduction:

Plaintiff, James R. Wolfe ("Wolfe"), applied for disability benefits on May 5, 2016, alleging a disability onset date of April 4, 2016. (Tr. at 21). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Wolfe's application. (Tr. at 31). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Wolfe has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

### II.   The Commissioner's Decision:

The ALJ found that Wolfe had not engaged in substantial gainful activity since the alleged onset date of April 4, 2016. (Tr. at 23). The ALJ found, at Step Two of the sequential five-step analysis, that Wolfe had the following severe impairments: cervical radiculopathy, chronic obstructive pulmonary disease ("COPD"), emphysema, history or myocardial bridging vein, mild coronary artery disease, history of pancreatitis, and depression. *Id.*

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

At Step Three, the ALJ determined that Wolfe's impairments did not meet or equal a listed impairment. (Tr. at 24). Before proceeding to Step Four, the ALJ determined that Wolfe had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations. (Tr. at 26). He could only occasionally reach overhead, he must avoid concentrated exposure to dust, odors, gases, and fumes, and he would be limited to unskilled work. *Id.*

The ALJ found that Wolfe was unable to perform any past relevant work. (Tr. at 30). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Wolfe's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. *Id*. Therefore, the ALJ found that Wolfe was not disabled. (Tr. at 31).

## III.  Discussion:

### A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Wolfe's Arguments on Appeal

Wolfe contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the RFC did not fully incorporate his limitations. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Wolfe had COPD and chest pain which required a few ER visits. In March 2016, an EKG was normal and he was negative for cardiac enzymes. (Tr. at 387-398, 1548-1452). X-rays of Wolfe's chest were normal. (Tr. at 1367-1379). Normal examination findings are not indicative of disabling conditions. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Neurological exam was normal. (Tr. at 1356-1357, 1656-1667). September 2016 objective testing of the heart showed normal heart size and vascularity. (Tr. at 1669-1685). Chest x-rays were unchanged. *Id* Wolfe's lungs were clear at a visit the next month. (Tr. at 1803-1806). Wolfe had no acute cardiopulmonary process. (Tr. at 2352).

Wolfe smoked up to three packs of cigarettes per day and was overweight. (Tr. at 1721-1725). His cholesterol was also high. (Tr. at 2580-2586). His doctors continually counseled him on quitting smoking, exercising, and following a better diet. *Id*.; (Tr. 420-426, 772-773, 1803-1806). There is no indication he followed these instructions. *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)(the ALJ correctly discounted claimant's credibility when claimant failed to stop smoking despite physician's orders); *see Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)(encouragement to exercise constituted evidence in support of ALJ's findings). Wolfe's heart and lung problems were only exacerbated by his lifestyle choices and failure to follow his physicians' recommendations.

.

Wolfe also complained of cervical and hip pain that radiated. But in April 2016, he ambulated normally and had normal range of motion in all joints. (Tr. at 663-665). X-rays taken that same month showed normal cervical and thoracic spines. (Tr. at 772-773). CT of the lumbar spine showed mild degenerative disc disease. (Tr. at 659, 2178). His doctor discussed seeing a chiropractor but Wolfe declined. (Tr. at 1223-1225). A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

An MRI of the cervical spine taken on August 9, 2016 was normal. (Tr. at 1218). An MRI of the cervical spine taken on November 28, 2017 showed mild-to-moderate conditions. (Tr. at 2633). Cervical epidural steroid injections improved Wolfe's pain by 50%. (Tr. at 1742-1745). Wolfe could perform activities of daily living with the benefit of medication. (Tr. at 1736).

Wolfe argued that the RFC for light work outstripped his abilities. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Objective testing did not reveal more than mild conditions (in fact many tests were completely normal). Treatment was conservative. Wolfe responded well to epidural injections. He was urged to exercise and lose weight. He was able to do things like get outside, interact with his grandchildren, do simple chores, and shop in stores. (Tr. at 220-224). The RFC for light work

incorporated his limitations. Likewise, the ALJ properly limited Wolfe to unskilled work, based on Wolfe's anxiety related to his medical conditions. This was an appropriate limitation given that Wolfe had no specialized psychiatric treatment or acute exacerbations.

Moreover, while Wolfe argues that Dr. Griffen Arnold's medical source statement, submitted to the Appeals Council after the hearing, should have rendered a finding in Wolfe's favor, it was related to a time outside of the relevant time-period and was inconsistent with the benign medical record. (Tr. at 8-12). Dr. Arnold said that Wolfe's prognosis was poor and he would not be able to perform even sedentary work. *Id*. This conflicts with the record as set forth above. It would not have changed the ALJ's decision even if it had been submitted timely.

## IV.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The assigned RFC properly incorporated all of the credible limitations. The finding that Wolfe was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is DISMISSED, with prejudice.

IT IS SO ORDERED this 11th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE